STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IVAN R.-L., | CIVIL NO. 18-1840 (DSD/DTS) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| SECRETARY OF HOMELAND SECURITY; JEFFERSON SESSIONS, Attorney General; SCOTT BANIECKE, ICE Field Office Director; and KURT FREITAG, Freeborn County Sheriff, | |
| Respondents. | |

On July 2, 2018 Petitioner filed a Petition for a Writ of Habeas Corpus challenging his continued detention pending deportation. Docket No. 1. On August 9, 2018 the Government filed a response [Docket No. 12] stating that Petitioner's 90-day removal period following his June 5, 2018 Removal Order would end on September 3, 2018 and a 90-day custody review would take place on or before that date. *See* Richard Pryd Jr. Decl. (Aug. 9, 2018) ¶ 12, Docket No. 13. The Government also stated that it learned on July 5, 2018 that Cuba had denied Petitioner a travel document; the Bahamas and the Dominican Republic denied acceptance of Petitioner on July 20 and August 1, respectively; and requests sent to Costa Rica and Jamaica on August 2 were pending. *Id.* ¶¶ 8-10.

On November 20, 2018 the Court ordered the Government to provide a status update regarding Petitioner. Docket No. 15. On November 26, counsel for the Government telephoned the undersigned's Chambers to advise that Petitioner had been released under an order of supervision, and filed a written updated response on

November 29, 2018. *See* Docket No. 16. The updated response had no new information on the August 2, 2018 requests to Costa Rica and Jamaica, but stated that Petitioner was released under an Order of Supervision on September 4, 2018. Richard Pryd Jr. Decl. (Nov. 29, 2018) ¶¶ 7, 9, Docket No. 17.

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (omission in original) (internal quotation marks omitted). Mootness deprives the Court of the power to act; there is nothing for the Court to remedy. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Petitioner has been released from custody, and his habeas petition is thus moot. *See Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.,* No. 10-cv-292, 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010) ("To the extent that the Court could construe [petitioner's] request for relief as a reviewable habeas claim relating to his ICE detention, however, ICE's removal of [petitioner] from the United States renders any such claim moot.") (citing cases). Mootness deprives the Court of jurisdiction in this action.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. The Petition for a Writ of Habeas Corpus [Docket No. 1] be DENIED AS MOOT.

2

    2. This action be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Date: December 11, 2018                 <u>s/David T. Schultz</u>
                                                                  DAVID T. SCHULTZ
                                                                  United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).